UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                Chapter 7

Joseph Jones, III, and                                Case No. 17-41016
Joyce Ann Glover-Jones,
                                                      Hon. Phillip J. Shefferly
         Debtors.
_____/

### Corrected[1] Order Denying Motion To Reopen Chapter 7 Case

This order addresses a motion filed by the Debtors to reopen their closed Chapter 7 case. The background is as follows.

On January 25, 2017, the Debtors filed this Chapter 7 case. On May 2, 2017, the Court granted the Debtors a discharge and then closed the case on May 5, 2017. On June 20, 2017, the Debtors filed a motion ("Motion to Reopen") (ECF No. 19) to reopen this case. The Motion to Reopen states that it is filed under § 350(b) of the Bankruptcy Code and requests the Court to reopen this case so that the Debtors may rescind a reaffirmation agreement ("Reaffirmation Agreement") that they entered into on March 2, 2017 with Capital One Auto Finance, and that they filed with the Court on March 21, 2017 (ECF No. 14). No timely responses were filed to the Motion to Reopen. On July 6, 2017, the Debtors filed a certificate of no response to the Motion to Reopen.

Under § 350(b) of the Bankruptcy Code, a case may be reopened after it has been closed "to administer assets, to accord relief to the debtor, or for other cause." The Motion to Reopen states that the Debtors request their case be reopened so that they may rescind the Reaffirmation

---

[1] This order corrects an error in the order previously entered on July 11, 2017 (ECF No. 21) regarding a citation on page 2 of that order to § 524(c)(6), which should have cited to § 524(c)(4).

Agreement. The Motion to Reopen explains that the Debtors wish to do so now because they are behind on the Reaffirmation Agreement and were behind on it at the time that they filed it with the Court.

Under § 524(c)(4) of the Bankruptcy Code, a reaffirmation agreement is only enforceable if "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim." In this case, the Debtors did not rescind the Reaffirmation Agreement prior to May 2, 2017, the date they received their discharge. Nor did the Debtors rescind the Reaffirmation Agreement prior to May 20, 2017, which is 60 days after the Debtors filed the Reaffirmation Agreement with the Court. The time for the Debtors to rescind the Reaffirmation Agreement under § 524(c)(4) has expired. Reopening this case will not extend the time to rescind a reaffirmation agreement under § 524(c)(4). Therefore, there are no grounds to reopen this case because there are no assets to administer, the Court cannot accord the relief that the Debtors are requesting, nor is there any other cause.[2] Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Reopen (ECF No. 19) is denied.

**Signed on July 13, 2017**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**

---

[2] Even if the Court reopened the case, § 524(c)(4) does not provide for any judicial action for a debtor to rescind a reaffirmation agreement. The statute simply instructs a debtor to rescind a reaffirmation agreement "by giving notice of rescission to the holder of such claim." The giving of such notice does not require any judicial action.